## NEVA JAMES v. EDWIN SUESS.

## SIDNEY JAMES v. EDWIN SUESS.[1]

May 25, 1923.

No. 23,430.

Verdict for defendant sustained.

1. The evidence raises an issue of fact as to defendant's negligence and plaintiff's contributory negligence, and is sufficient to sustain the finding for defendant.

[1]Reported in 194 N. W. 5.

New trial because of misconduct of counsel denied.

    2. Alleged misconduct of counsel for defendant was not sufficient to warrant a new trial.

Action in the district court for Hennepin county to recover $15,000. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendant. From an order denying their motion for a new trial, plaintiffs Neva and Sidney appealed. Affirmed.

*Olof L. Bruce* and *A. A. Tenner*, for appellants.

*Hoke, Krause & Faegre*, for respondent.

HALLAM, J.

1. Plaintiff Neva James was injured by coming in contact with an automobile driven by defendant at a street intersection in Minneapolis. Plaintiff was going east on the line of the southerly sidewalk. Defendant was going south. The accident occurred on the southerly side of the intersection. Plaintiff brought this action to recover damages, alleging that defendant was negligent in traveling at a high rate of speed, without keeping a proper lookout and without keeping his automobile under proper control. Defendant denied negligence and alleged contributory negligence on the part of plaintiff. The court submitted both questions to the jury, and the jury found for the defendant. Plaintiffs appeal.

Plaintiff contends that the evidence does not sustain a verdict for defendant. Plaintiff testified that she looked for vehicles before she crossed the street and there was no car near enough so that she could see that there was a car coming. That when she got half-way across she heard the car coming, saw the headlights, and heard the honking of a horn and that was all she could remember. There is testimony in her behalf that defendant's car was traveling 35 miles an hour. Defendant testified that he was traveling "around 20 miles" an hour, and he gave the following account of the accident: "I saw her crossing the street and I honked my horn, and I slowed down, and at the same time I was figuring on passing to the right of her, that is to the back of her, and continuing on, because I figured that she wasn't in my way. In order to give her more leeway I swung a

little more to the right and as I neared the other side of the street and when I was somewhere around the crossing or walk she ran back in front of my car. The first thing I wanted to do was to turn out, which I did. I swung to the left and she continued * * * in front of the car with her hands in the air, and she continued to the left." He further testified that the street was icy and his car skidded, and plaintiff fell in front of the car.

The jury might have found defendant negligent and plaintiff free from contributory negligence. But they found for defendant and this necessarily involves a determination either that defendant was not negligent, or that plaintiff herself was negligent. If they believed defendant's story, they might infer that defendant used due care, and they could also find that plaintiff did not. We think the case presents a plain question of fact and that the verdict should not be disturbed.

2. Plaintiff assigns as error certain language of counsel for defendant, in cross-examining plaintiff's physician. The most objectionable language is a question as to whether the witness knew of a minister who was a client of plaintiff's attorney and "who for a long time was prostrated and recovered large damages, and then made a remarkable recovery after the case was over." The question should not have been asked. It was inexcusable. An admonition from the court would probably have set at rest any prejudicial inference that could have been drawn. The court was not asked to take any action. Our opinion is that the incident did not carry sufficient prejudice to warrant a new trial.

Order affirmed.